# EXHIBIT "A"

EXHIBIT "A"

11-21-18 @ 205

# COPY

## BY FAX

SUM-100

**SUMMONS**
*(CITACIÓN JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

**NOV 13 2018**

Sherri R. Carter, Executive Officer/Clerk
BY _Melody Scott_, Deputy
MELODY SCOTT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Publicis Healthcare Solutions, Inc.; Tardis Medical Consultancy North America, Inc.; Electrocore, LLC; And DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KASMIN DELGADO,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER
*(Número del Caso):* **18BBCV00148**

The name and address of the court is:
*(El nombre y dirección de la corte es):* Burbank Courthouse

300 East Olive
Burbank, CA 91502

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 323-306-4234

SHERRI R. CARTER

DATE: **NOV 13 2018**
*(Fecha)*

Clerk, by EXECUTIVE OFFICER/CLERK **M. SCOTT**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Publicis Healthcare Solutions, Inc.**

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.80 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11-21-18

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com



COPY

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff
**KASMIN DELGADO**

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 13 2018

Sherri R. Carter, Executive Officer/Clerk
BY _____, Deputy
MELODY SCOTT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

KASMIN DELGADO,

        Plaintiff,

v.

PUBLICIS HEALTHCARE SOLUTIONS, INC.;
TARDIS MEDICAL CONSULTANCY
NORTH AMERICA, INC.;
ELECTROCORE, LLC;
AND DOES 1-100, INCLUSIVE,

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: **18BBCV00148 51**

(Amount exceeds $25,000)

**COMPLAINT FOR DAMAGES**

1. **FOR SEX/GENDER HARASSMENT, DISCRIMINATION AND RETALIATION IN EMPLOYMENT [CALIFORNIA GOVERNMENT CODE §12940 AND 12941 ET SEQ.]**
2. **FOR RACE HARASSMENT, DISCRIMINATION AND RETALIATION IN EMPLOYMENT [CALIFORNIA GOVERNMENT CODE §12940 AND 12941 ET SEQ.]**
3. **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1102.5 ET SEQ.; [WHISTLEBLOWER RETALIATION]**
4. **RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**Demand for Jury Trial**

BY FAX

Plaintiff, KASMIN DELGADO ("Plaintiff"), hereby brings her complaint against the above-named Defendants and states and alleges as follows:

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### FOR SEX/GENDER HARASSMENT, DISCRIMINATION AND RETALIATION IN EMPLOYMENT [CALIFORNIA GOVERNMENT CODE §12940 AND 12941 ET SEQ.]

#### (Against Defendant, and DOES 1-100)

1. At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant PUBLICIS HEALTHCARE SOLUTIONS, INC. and TARDIS MEDICAL CONSULTANCY NORTH AMERICA, INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of Pennsylvania, having a principal place of business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant ELECTROCORE, LLC (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of New Jersey, having a principal place of business in the County of Los Angeles, State of California.

4. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or

2

**COMPLAINT FOR DAMAGES**

omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6. At all times herein mentioned, for several years and until Plaintiff's wrongful termination on or about September 6, 2017, Plaintiff was employed by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7. Plaintiff is an African-American woman.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a male employee.

9. From approximately August, 2017, and continuing at least Plaintiff's termination, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's sex/gender by the following continuous actions, and conduct, among others:

   a. Harassing, discriminating and retaliating against Plaintiff due to Plaintiff's sex/gender as hereinalleged;

   b. Treating Plaintiff negatively in a manner that similarly situated male employees were not treated.

   c. On or about September 6, 2017, retaliating against and wrongfully terminating Plaintiff for a false and/or exaggerated and/or pretextual reason(s);

   d. Keeping and/or replacing Plaintiff with and/or treating more favorably, a less experienced, less senior and/or male individual.

   e. Failing to rehire and/or reemploy Plaintiff.

10. The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of sex/gender and the prohibition of perceived and/or sex/gender harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, a female employee, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or sex/gender harassment, discrimination and retaliation in employment.

---

3

**COMPLAINT FOR DAMAGES**

11.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or sex/gender harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's sex/gender and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

12.     Plaintiff filed timely charges and complaints of perceived and/or physical disability· harassment, retaliation and discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

13.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

14.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

15.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and physical distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

16.      Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

17.      The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

18.      As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## FIRST CAUSE OF ACTION

### FOR RACE HARASSMENT, DISCRIMINATION AND RETALIATION IN EMPLOYMENT [CALIFORNIA GOVERNMENT CODE §12940 AND 12941 ET SEQ.]

#### (Against Defendant, and DOES 1-100)

19.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein

20.      At all times herein mentioned, for several years and until Plaintiff's wrongful termination on or about September 6, 2017, Plaintiff was employed by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

21.      Plaintiff is an African-American woman.

22.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-African American employee.

23.      From approximately August, 2017, and continuing at least Plaintiff's termination, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's race by the following continuous actions, and conduct, among others:

---

**COMPLAINT FOR DAMAGES**

f.  Harassing, discriminating and retaliating against Plaintiff due to Plaintiff's race as hereinalleged;

g.  Treating Plaintiff negatively in a manner that similarly situated non-African American employees were not treated.

h.  On or about September 6, 2017, retaliating against and wrongfully terminating Plaintiff for a false and/or exaggerated and/or pretextual reason(s);

i.  Keeping and/or replacing Plaintiff with and/or treating more favorably, a less experienced, less senior and/or non-African American individual.

j.  Failing to rehire and/or reemploy Plaintiff.

24.  The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of race and the prohibition of perceived and/or race harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an African-American employee, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or race harassment, discrimination and retaliation in employment.

25.  By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or race harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's race and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

26.  Plaintiff filed timely charges and complaints of perceived and/or race harassment, retaliation and discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

**COMPLAINT FOR DAMAGES**

27.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

28.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

29.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and physical distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

30.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

31.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

32.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

///

///

---

7

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION:

## FOR VIOLATION OF LABOR CODE §1102.5 (WHISTLEBLOWER STATUTE)

### -By Plaintiff Against All Defendants-.

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34.     On or about August 25, 2017, and continuing, Plaintiff made complaints and/or disclosures to Defendants, and each of them, that Plaintiff believed that there were violations of the Food and Drug Administration and Office of Inspector General federal laws, due to sales representatives who refused to leave the room during conversations between Plaintiff and the doctors. Plaintiff reported this lack of a firewall and expressed complaints that these were violations of the federal laws requiring such.

35.     Plaintiff reported these federal violations to her manager, Carrie Murray, on August 28, 2017. Murray informed Plaintiff that she had taken the correct steps and that Plaintiff would be protected from retaliation.

36.     On September 6, 2017, a week later, Plaintiff was terminated by Defendants. At the time of her termination, Plaintiff was thanked for the information she was provided.

37.     On or about August 27, 2017, and continuing, Plaintiff had reasonable cause to make, and made, complaints, and/or disclosed information to employees, managers, supervisors and managing agents of Defendants, and each of them, of potential and/or actual compliance issues and/or violations of State and/or Federal laws, which require a firewall between sales representatives and doctors in the industry that is required by both the FDA and OIG.

38.     Defendants, and each of them, believed that Plaintiff did or might disclose information to a law enforcement or government agency, or to a person with authority over Plaintiff or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or would provide information to, or testify before, any public body conducting an investigation, hearing, or inquiry.

39.     In retaliation for Plaintiff's disclosures to the Defendants that they were in violation of the aforementioned laws, as herein alleged, Defendants, and each of them, instead terminated Plaintiff in violation of California Labor Code §1102.5. When Plaintiff was wrongfully terminated, Plaintiff's complaints of violations of State and/or Federal law was a contributing factor and/or reason in Plaintiff's termination.

40.    By the acts herein alleged and in violation of California Labor Code §1102.5, Defendants, and each of them made, adopted, and enforced rules, regulations, and policies preventing Plaintiff from disclosing information to government and law enforcement agencies, where Plaintiff had reasonable cause to believe that Plaintiff's employer, Defendants, were violating unsafe workplace and unsafe workplace condition laws. By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

41.    As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

42.    As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

43.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

44.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

9

**COMPLAINT FOR DAMAGES**

emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

45. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

46. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

47. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Against Defendant, and DOES 1-100)

48. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating and retaliating against any individual based on their race or gender, or complaints protected by California Labor Code §1102.5. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating against Plaintiff on the grounds of stated above, or for complaining about such discrimination or unlawful activities, was wrongful and in contravention and violation of the express public policy of the State of California, to with the policy set forth in California Government Code §12940 et seq., California Labor Code §1102.5,3 and the laws and regulations promulgated thereunder.

10
**COMPLAINT FOR DAMAGES**

50. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

51. As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

52. As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

53. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

54. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and physical distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

55.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

56.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

57.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general damages in an amount within the jurisdictional limits of this Court;

2.  For medical expenses and related items of expense, according to proof;

3.   For loss of earnings, according to proof;

4.  For loss of earning capacity, according to proof;

5.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.  For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.  For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in Harris v. City of Santa Monica, Case No. S181004, Cal.Sup.Ct. 2/7/13;

8.  For prejudgment interest, according to proof;

9.  For punitive and exemplary damages, according to proof;

10. For costs of suit incurred herein; and

12

**COMPLAINT FOR DAMAGES**

11. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Date: November 12, 2018          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:_____

TODD M. FRIEDMAN, ESQ.
Attorneys for Plaintiff
**KASMIN DELGADO**

**COMPLAINT FOR DAMAGES**